UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| CMC INDUSTRIES, INC., TEXAS RAIL TERMINAL, LLC, TRT LEASECO, LLC, and CMC ACQUISITION, LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>CRIC TRT ACQUISITION, LLC, BNSF-DELPRES INVESTMENTS LTD., LEO S. SCHWARTZ, and LARRY KRAUSS,<br><br>          Defendants. | Civil Action No. 18-cv-209 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Local Rule 81.1, defendants CRIC TRT Acquisition, LLC ("CRIC") and BNSF-Delpres Investments LTD ("Delpres") hereby give notice of removal of this action currently pending in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  As grounds for removal, CRIC and Delpres state as follows:

**I.     THE STATE COURT ACTION AND BACKGROUND**

*The State Court Action*

1. This action commenced on December 11, 2017, by way of a Complaint naming as plaintiffs CMC Industries, Inc. ("CMC Industries"), Texas Rail Terminal, LLC ("Texas Rail"), TRT LeaseCo, LLC ("TRT LeaseCo"), and CMC Acquisition, LLC ("CMC Acquisition"), against the defendants in New York County Supreme Court, styled as *CMC Industries, Inc. et al. v. CRIC TRT Acquisition, LLC et al.,* Index No. 657293/2017.

2. Defendants CRIC and Delpres first received the Complaint by email on December 13, 2017. Copies of the documents that were received by defendants CRIC and Delpres by email on December 13, 2017 and other documents filed in the state court action are attached hereto as **Exhibit A**. No service of process was made on these defendants prior to that date.

3. Plaintiffs have brought this lawsuit seeking mandatory (affirmative) injunctive relief and a decree of specific performance to require defendants CRIC and Delpres to take certain actions with respect to purported tax obligations of CMC Industries, in which defendant CRIC and plaintiff CMC Acquisition are the sole shareholders. Plaintiff CMC Industries also seeks to enforce against individual defendants Schwartz and Krauss a purported board resolution of CMC Industries that would give CMC Acquisition and its affiliates control over a trust account holding CMC Industries' profits. The plaintiffs' claims for relief are contested.

4. With this Notice of Removal, CRIC and Delpres remove this action to this Court on the basis of diversity jurisdiction as more fully described below.

5. Individual defendants Krauss and Schwartz have not been served with process as of the date of removal, but have provided their consent to the removal herein to the extent that consent is required, subject to a full reservation of rights.

6. In particular, the individual defendants have not been properly served with this lawsuit and object to plaintiffs' assertion that New York courts possess personal jurisdiction over them. Neither individual defendant is a party to any of the agreements that allegedly form the basis of jurisdiction in New York, neither of the individual defendants has sufficient contacts with New York, the claims against the individual defendants in this action allege an intra-corporate governance dispute by a Texas corporation with its principal place of business outside

2

of New York, and the exercise of personal jurisdiction over the individual defendants in New York would not be fair or reasonable.

7. Accordingly, the individual defendants intend to seek the dismissal of this matter for lack of personal jurisdiction.

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

### A. Diversity of Citizenship

*Plaintiffs*

8. Plaintiff CMC Industries, Inc. is a Texas corporation.  *See* **Exhibit A** (Cmplt., ¶ 11).  Upon information and belief, CMC Industries has its nerve center and principal place of business either in Texas or in Illinois, but not in New York, Florida or Delaware.  Thus, CMC Industries is a citizen of Texas or Illinois for purposes of establishing diversity jurisdiction.

9. Plaintiff Texas Rail Terminal, LLC is a Delaware limited liability company whose sole member is CMC Industries, a Texas corporation.  Thus, Texas Rail is a citizen of Texas or Illinois for purposes of establishing diversity jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citizenship of a limited liability company is determined by the citizenship of its members).

10. Plaintiff TRT LeaseCo, LLC, is a Delaware limited liability company whose sole member is plaintiff Texas Rail, whose sole member is CMC Industries.  Thus, TRT LeaseCo is a citizen of Texas or Illinois for purposes of diversity jurisdiction.

11. Plaintiff CMC Acquisition, LLC is a Delaware limited liability company.  Upon information and belief, including information from public filings, CMC Acquisition is a wholly owned subsidiary of Kingsway Financial Services, Inc., a Canadian corporation, held either directly or through a Minnesota entity.  Thus, CMC Acquisition is a citizen of Canada for

purposes of diversity jurisdiction.  Upon information and belief, including public filings, Kingsway Financial Services, Inc. is not a citizen of or even registered to do business in New York, Delaware or Florida.

*Defendants*

12. Defendant BNSF-Delpres Investments LTD., is an Ontario, Canada corporation. Thus, BNSF-Delpres Investments is a citizen of Ontario, Canada for purposes of establishing diversity jurisdiction.

13. Defendant CRIC TRT Acquisition, LLC is a Delaware limited liability company, whose sole member is defendant BNSF-Delpres Investments. Thus, CRIC TRT Acquisition is a citizen of Canada for purposes of establishing diversity jurisdiction.

14. Defendant Leo S. Schwartz is an individual residing and domiciled in and a citizen of the State of Florida.

15. Defendant Larry Krauss is an individual residing and domiciled in and a citizen of Ontario, Canada.

16. Accordingly, because none of the United States defendants is a citizen of the same state as any of the United States plaintiffs, complete diversity exists.  28 U.S.C. § 1332(a)(3); *U.S. Motors v. General Motors Europe,* 551 F.3d 420 (2008); *Bell Helicopter Textron, Inc. v. Alcoa, Inc.*, No. 4:13–CV–950–A, 2014 WL 271954, at *2 (N.D. Tex. Jan. 22, 2014).

**B.**     **Amount in Controversy**

17. Plaintiffs have expressly alleged in the Complaint that "[t]he amount in controversy in this action, exclusive of interest and costs, is at least $983,179." *See* **Exhibit A** (Cmplt. ¶ 22).

18. Thus, plaintiffs have placed in controversy claims that meet the amount in controversy requirement of 28 U.S.C. §1332(a).

19. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removal is proper.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

20. Defendants CRIC and Delpres received the Complaint by email on December 13, 2017 and were not previously served with process. Accordingly, this removal is timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 347-48 (1999); *Schwartz v. Harang*, CIV.A. H-13-0038, 2013 WL 1561034, at *2 (S.D. Tex. Apr. 10, 2013).

21. Individual defendants Schwartz and Krauss have not been properly served with the Complaint, but have provided their consent to removal, while reserving all rights.

22. This action is properly removed to this Court because the action is pending within a state court in this district and division. 28 U.S.C. § 1441(a).

23. <u>List of Parties</u>:  The plaintiffs are CMC Industries, Inc., Texas Rail Terminal, LLC, TRT LeaseCo, LLC and CMC Acquisition, LLC. The defendants are CRIC TRT Acquisition, LLC, BNSF-Delpres Investments LTD, Leo S. Schwartz, and Larry Krauss.

24. <u>List of Attorneys</u>:

**Counsel for Plaintiffs**
Lorne M. Reiter, Esq.
LAW OFFICES OF LORNE M. REITER, LLC
14 Wall Street, 20th Floor
New York, New York 10005
(212) 222-0955

Edward F. Ruberry, Esq.
James M. Barton, Esq.
RUBERRY, STALMACK & GARVEY, LLC
10 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 466-8050

**Counsel for Defendants**
Barry S. Pollack
Phillip Rakhunov
POLLACK SOLOMON DUFFY LLP
48 Wall Street, 26th Floor
New York, NY 10005
212-493-3100 (Tel)
617-960-0490 (Fax)
bpollack@psdfirm.com
prakhunov@psdfirm.com

25. <u>Trial by Jury</u>:  It appears from the Complaint that plaintiffs have not requested a trial by jury.  The defendants thus reserve their right to make such a demand pursuant to Federal Rule of Civil Procedure 38.

26. <u>Court from which Case is Removed</u>:  Supreme Court of the State of New York, County of New York, 60 Centre St, New York, NY 10007.

27. <u>Notice</u>:  Along with the filing of this Notice, Defendants are also filing notice in the Supreme Court of the State of New York, County of New York and providing plaintiffs with copies pursuant to 28 U.S.C. § 1446(d).

## V.   CONCLUSION

WHEREFORE, Defendants CRIC and Delpres remove this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated:   January 10, 2018                    Respectfully submitted,

CRIC TRT Acquisition, LLC and BNSF-Delpres Investments LTD,

By:   */s/ Barry S. Pollack*
Barry S. Pollack
Phillip Rakhunov
POLLACK SOLOMON DUFFY LLP
48 Wall Street, 26th Floor
New York, NY 10005
212-493-3100 (Tel)
617-960-0490 (Fax)
bpollack@psdfirm.com
prakhunov@psdfirm.com

For purposes of consent to removal only, while preserving all defenses including jurisdictional and inadequate service:

LEO S. SCHWARTZ and LARRY KRAUSS,
by their attorneys:

*/s/ Barry S. Pollack*
Barry S. Pollack
Phillip Rakhunov
POLLACK SOLOMON DUFFY LLP
48 Wall Street, 26th Floor
New York, NY 10005
212-493-3100 (Tel)
617-960-0490 (Fax)
bpollack@psdfirm.com
prakhunov@psdfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies all counsel herein are being served by email and U.S. Mail on January 10, 2018:

*/s/ Barry S. Pollack*