USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/14/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
     :
CMC INDUSTRIES, INC., et al.,      :
     :
                    Plaintiffs,      :     18-CV-209 (JMF)
     :
        -v-      :     MEMORANDUM OPINION
     :     AND ORDER
CRIC TRT ACQUISITION, LLC, et al.,      :
     :
                    Defendants.      :
     :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiffs CMC Industries, Inc. ("CMC Industries") and CMC Acquisition, LLC ("CMC Acquisition") bring claims against Defendants CRIC TRT Acquisition, LLC ("CRIC"), BNSF-Delpres Investments Ltd. ("BNSF"), Leo S. Schwartz, and Larry Krauss. (Docket No. 1). Plaintiffs' central claims stem from a complex transaction, memorialized in a May 17, 2016 Stock Purchase Agreement (the "SPA"), in which CMC Acquisition purchased from CRIC a majority interest in CMC Industries, which is the sole member of non-party Texas Rail Terminal, LLC ("Texas Rail"), which, in turn, is the sole member of non-party TRT LeaseCo, LLC ("TRT"). (Docket No. 32 ("Am. Compl."), ¶¶ 1-2). In the Amended Complaint's First and Second Causes of Action, CMC Acquisition brings claims against CRIC and BNSF, a limited guarantor, concerning certain pre-closing tax liabilities. (*See id.* ¶¶ 71-87). In its Third Cause of Action, a different Plaintiff — CMC Industries — brings a claim against Schwartz and Krauss (the "Individual Defendants") for their alleged conduct as officers and directors of CMC Industries. (*See id.* ¶¶ 88-92). Specifically, the Amended Complaint alleges that the Individual Defendants breached fiduciary duties owed to CMC

Industries, Texas Rail, and TRT in connection with actions they did and did not take in connection with a Utah escrow account holding rental income paid to TRT. (*See id.*).

Krauss, a citizen and domiciliary of Canada, (Docket No. 36 ("Rakhunov Decl."), Ex. 1, ¶ 2), and Schwartz, a citizen and domiciliary of Florida (Rakhunov Decl., Ex. 2, ¶ 2), now move, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the claim against them for lack of personal jurisdiction. (Docket No. 34; *see also* Docket No. 35 ("Defs.' Mem."), at 14-23).[1] "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)). In this case, whether CMC Industries can make that showing turns on whether the Individual Defendants are bound by the New York forum-selection clauses in either of two agreements to which they are not direct parties: the SPA and a Management Services Agreement (the "MSA"), dated July 14, 2016, between non-parties TRT and DGI-BNSF Corp. (*See* Docket No. 44 ("Pls.' Opp'n"), at 9).[2] "[I]n order to bind a non-party to a forum selection clause," however, "the party must be closely related to the dispute such that it becomes foreseeable that it will be bound." *BMW of N. Am. LLC v. M/V Courage*, 254 F. Supp. 3d 591,

---

[1] There are several other motions pending: a motion filed by Plaintiffs to amend the Amended Complaint (Docket No. 65); a motion filed by Plaintiffs to dismiss certain counterclaims (Docket No. 53); and a motion filed by Defendants to dismiss the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. (Docket No. 34). Per a discussion on the record at a conference held on August 22, 2018, the Court is addressing the Individual Defendants' motion to dismiss for lack of personal jurisdiction separately as the remaining motions are interrelated.

[2] The SPA and MSA are attached to, and incorporated by reference in, the Amended Complaint (*see* Am. Compl. Exs. A, B), and thus may be considered here. *See, e.g.*, *Buckley v. City of New York*, No. 17-CV-224 (JMF), 2018 WL 264114, at *2 (S.D.N.Y. Jan. 2, 2018) (citing *New York Pet Welfare Ass'n v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).

598 (S.D.N.Y. 2017) (internal quotation marks omitted). "A non-party is closely related to a dispute if its interests are completely derivative of and directly related to, if not predicated upon the signatory party's interests or conduct." *Id.* (internal quotation marks omitted).

Applying those standards here, the Court concludes that neither the SPA nor the MSA provides a basis to exercise personal jurisdiction over the Individual Defendants. First, Plaintiffs misleadingly suggest that the SPA was "the genesis of *all* the disputes between the parties." (Pl.'s Opp'n 10). Yes, the SPA is the "genesis" of all Plaintiffs' claims insofar as it is how CMC Acquisition acquired an interest in CMC Industries. But that aside, CMC Industries's claim against the Individual Defendants has nothing to do with the SPA. The claim does not involve the parties to the SPA, it does not allege breach of the SPA, and it does not call for interpretation of the SPA; instead, it involves an internal corporate governance dispute between a Texas corporation and foreign shareholders of that corporation governed by Texas law. Notably, elsewhere, CMC Acquisition itself has conceded that "the SPA includes no provision concerning the post-acquisition management of CMC or TRT LeaseCo," (Docket No. 54, at 17), rendering it irrelevant to the corporate governance dispute underlying the claim against the Individual Defendants. That is correct — and defeats Plaintiffs' reliance on the SPA for personal jurisdiction over the Individual Defendants. "Where, as in the present action, the rights being asserted do not originate from the contract containing the forum selection clause, the clause does not apply." *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 645 (S.D.N.Y. 2008).[3]

---

[3] The Court is unpersuaded by Plaintiffs' contention that the SPA's forum-selection clause is "extremely broad." (Pls.' Opp'n 11 (internal quotation marks omitted)). The breadth of the clause, which applies to "all disputes, legal actions, suits and proceedings arising out of *or relating to*" the agreement, (Am. Compl. Ex. A, § 11.18 (emphasis added)), bears on whether a dispute between parties to the clause falls within its scope; but Plaintiffs cite no authority for the proposition that it bears on the analysis of whether a non-party is bound by the clause in the first instance.

3

Plaintiffs' reliance on the MSA fails for similar reasons. Plaintiffs contend that the Individual Defendants are "closely related" to the MSA because the agreement "installed" them "in the very positions giving rise to the fiduciary duties they allegedly breached." (Pls.' Opp'n 1; *accord id.* at 13-14). But that is a mischaracterization of the MSA — the plain terms of which control over any contrary allegations in the Amended Complaint. *See, e.g.*, *Park v. FDM Grp. (Holdings) PLC*, No. 16-CV-1520 (LTS), 2017 WL 946298, at *3 (S.D.N.Y. Mar. 9, 2017), (allegations that are "inconsistent with the plain terms of the relevant documents" are therefore "not plausible"), *order vacated in part on reconsideration sub nom. Park v. FDM Grp., Inc.*, 2018 WL 4100524 (S.D.N.Y. Aug. 28, 2018). Section 2 of the MSA, upon which Plaintiffs principally rely, does provide that non-party DGI-BNSF shall "provide personnel to serve as certain executive officers of CMC . . . and its subsidiaries." (Am. Compl. Ex. B, § 2). But the provision does not specify the relevant personnel, let alone name the Individual Defendants. And while Section 9 of the MSA restrains Kingsway Financial Services Inc., an Ontario affiliate of TRT, from "caus[ing] CMC or any of its subsidiaries to remove Leo Schwartz or Larry Krauss as officers of CMC or any of its subsidiaries" absent certain conditions not relevant here, (*id.* § 9), that restraint on the authority of a third party does not give rise to any duties on the part of the Individual Defendants. In short, the MSA neither gave rise to, nor defined the scope of, the fiduciary duties that underlie Plaintiffs' claim against the Individual Defendants. *See, e.g.*, *In re Musicland Holding Corp.*, 424 B.R. 95, 100 (Bankr. S.D.N.Y. 2010) ("[T]he state of incorporation governs the scope of the fiduciary duties owed by a corporation's directors and officers."); *In re Solomat Partners, L.P.*, 261 B.R. 72, 80 (Bankr. D. Conn. 2001) (stating that "the law of the State of incorporation . . . generally governs the resolution of a claim for breach of that [fiduciary] duty"); *see also NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, 772 F.3d

4

740, 743 n.2 (2d Cir. 2014) ("Under New York law, courts look to the law of the state of incorporation in adjudicating a corporation's internal affairs." (internal quotation marks omitted)). Accordingly, it cannot be said that they are "closely related" enough to the MSA for its forum-selection clause to be invoked. *See Arma*, 591 F. Supp. 2d at 645.

At bottom, CMC Industries's claim against the Individual Defendants stems from the alleged failure of the latter to comply, as an internal governance matter, with certain board resolutions as officers of CMC Industries, a Texas corporation, concerning a Wells Fargo escrow account in Utah, all of which is governed by Texas law. That dispute has no demonstrable connection to New York or to the New York forum-selection clauses in the SPA and the MSA. It follows that the Court lacks personal jurisdiction over the Individual Defendants and that the sole claim against them, Count Three of the Amended Complaint, must be and is dismissed.[4] **Within one week of the date of this Memorandum Opinion and Order**, the parties shall file letters, not to exceed three pages, addressing whether and to what extent dismissal of the claim against the Individual Defendants affects the remaining claims and other pending motions.

The Clerk of Court is directed to terminate Docket No. 34 and to terminate Defendants Leo S. Schwartz and Larry Krauss as parties.

SO ORDERED.

Date: September 14, 2018
New York, New York

JESSE M. FURMAN
United States District Judge

---

[4] Given that conclusion, the Court need not and does not reach the Individual Defendants' alternative argument based on an alleged failure to be served. (*See* Defs' Mem. 23).